UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREEN MOUNTAIN ELECTRIC SUPPLY, INC., | **VERIFIED COMPLAINT** |
| Plaintiff, | |
| -against- | Docket No. 1:24-cv-1060(MAD/CFH) |
| POWER MANUFACTURING, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Green Mountain Electric Supply, Inc. ("Plaintiff" or "Green Mountain"), by its attorneys, Harris Beach PLLC, sues Defendant, Power Manufacturing, LLC ("Defendant" or "Power Manufacturing"), and states as follows:

**INTRODUCTION**

1. This action is necessary to recover reimbursement payments due and owing to Green Mountain. Despite extensive efforts by Green Mountain, Power Manufacturing has failed to respond to Green Mountain's reasonable demands for reimbursement.

**PARTIES, JURISDICTION, AND VENUE**

2. At all times relevant herein, Plaintiff was and is a foreign business corporation licensed to do business in the State of New York with an office in Clifton Park, New York, and organized and existing under the laws of the State of Vermont, with its principal place of business at 356 Rathe Road, Colchester, Vermont 05446.

3. At all times relevant herein, Defendant was and is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 10111 Houston Oaks Drive Houston, Texas 77064-3515.

1

4. Upon information and belief, each and every member of the Defendant limited liability company resides outside of the State of New York such that complete diversity between the parties exists.

5. This Court has jurisdiction over Defendant and this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and because the amount in controversy between Plaintiff and Defendant exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this District.

**FACTUAL ALLEGATIONS**

7. Green Mountain provides, among other services, innovative and renewable energy solutions and serves as an electrical products wholesaler.

8. Power Manufacturing manufactures and sells transmission and distribution products.

9. On or about October 27, 2022, Green Mountain and Power Manufacturing entered into an agreement for Green Mountain to purchase items totaling $135,250.00 from Power Manufacturing pursuant to Invoice No. 25307-1 (the "Purchase Order"). A true and correct copy of the Purchase Order is attached as **Exhibit A**.

10. The Purchase Order consisted of Green Mountain's purchase of two items: (1) MSTU-55D; and (2) MTSU-10.

11. In or about the first week of November 2022, Green Mountain delivered a check in the amount of $81,550.00 (the "Check") to Power Manufacturing as partial payment for the Purchase Order.

12. The Check represented a sixty percent down payment toward Item No. 1, totaling $38,455.00, as well as a sixty percent down payment toward Item No. 2, totaling $43,095.00.

13. Upon information and belief, on or about November 8, 2022, the Check was deposited by Power Manufacturing in its bank account.

14. Thereafter, Green Mountain delivered payment to Power Manufacturing in the amount $22,670.00, representing the remaining balance for Item No. 1.

15. After Green Mountain made full payment to Power Manufacturing for Item No. 1 in the amount of $61,125.00, Item No. 1 was delivered.

16. When Item No. 1 was delivered to Green Mountain, it was missing the accompanying 1704TU-IK cable measuring device and LCI-80X wire counter, and is thus not operational.

17. Item No. 2 was never delivered, and no update was ever provided by Power Manufacturing on Item No. 2's expected arrival.

18. Green Mountain's numerous communication attempts to Power Manufacturing regarding the Purchase Order went unanswered.

19. On July 16, 2024, Green Mountain, by and through counsel, wrote to Power Manufacturing demanding either: (a) immediate delivery of (i) the remaining component parts for Item No. 1 and (ii) Item No. 2, including all component parts; or (b) alternatively, immediate reimbursement in full of the $104,220.00 previously paid by Green Mountain to Power Manufacturing and cancellation of the Purchase Order (the "July Letter").

20. Upon information and belief, Power Manufacturing received the July Letter.

21. On August 12, 2024, Green Mountain, by and through counsel, again wrote to Power Manufacturing demanding either: (a) immediate delivery of (i) the remaining component parts for Item No. 1 and (ii) Item No. 2, including all component parts; or (b) alternatively, immediate reimbursement in full of the $104,220.00 previously paid by Green Mountain to Power Manufacturing and cancellation of the Purchase Order (the "August Letter").

22. Upon information and belief, Power Manufacturing received the August Letter.

23. Power Manufacturing has failed to deliver items rightfully due and owing to Green Mountain pursuant to the Purchase Order.

24. Power Manufacturing has also failed to reimburse and return to Green Mountain amounts rightfully due and owing to Green Mountain.

25. Green Mountain has made extensive efforts to secure reimbursement from Power Manufacturing.

26. The total principal amount presently due and owing from Power Manufacturing to Green Mountain is $104,220.00.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of the Verified Complaint, as if fully set forth herein.

28. On or about October 27, 2022, Defendant contracted with Plaintiff to provide certain products totaling $135,250.00.

29. Plaintiff has materially complied with all of its obligations under the Purchase Order.

30. Defendant breached the contract by failing to provide all of the products contracted to pursuant to the Purchase Order, and by failing to provide Plaintiff with a refund for payments made by Green Mountain for which products were not delivered by Power Manufacturing.

31. By reason of the forgoing, Plaintiff has been damaged and is entitled to recover from Defendant no less than $104,220.00, plus interest, costs, and disbursements.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Unjust Enrichment)**

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 of the Verified Complaint, as if fully set forth herein.

33. Plaintiff conferred a benefit upon Defendant by virtue of making payment to Defendant in the amount of $104,220.00.

34. Defendant accepted and retained the benefits provided by Plaintiff.

35. Defendant is not entitled to retain the benefits provided by Plaintiff without providing the products in exchange for which payments were made by Plaintiff.

36. Defendant has failed to provide to Plaintiff all of the products in exchange for which payments were made by Plaintiff.

37. Despite Plaintiff's repeated requests, Defendant has failed to refund Plaintiff amounts rightfully due and owing to Plaintiff as a result of Defendant's failure to provide to Plaintiff all of the products for which such payments were made by Plaintiff.

38. It would be unjust for Defendant to retain the benefits conferred by Plaintiff without refunding Plaintiff amounts rightfully due and owing to Plaintiff as a result of Defendant's failure to provide to Plaintiff all of the products for which such payments were made by Plaintiff.

39. By reason of the forgoing, Plaintiff is entitled to recover from Defendant damages, plus interest, costs, and disbursements from Defendant in the amount that Defendant has been unjustly enriched.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Account Stated)**

40. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 of the Verified Complaint, as if fully set forth herein.

41. The Purchase Order is an invoice reflecting the obligations between Plaintiff and Defendant.

42. Defendant has received and accepted the Purchase Order as a correct statement of the balance owed.

43. Plaintiff made payment to Defendant in the amount of $104,220.00 in exchange for Defendant providing Plaintiff with certain products pursuant to the Purchase Order.

44. Defendant failed to provide all products agreed to in the Purchase Order.

45. By reason of the forgoing, Plaintiff has been damaged and is entitled to recover from Defendant the principal amount of no less than $104,220.00, plus interest, costs, and disbursements.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Quantum Meruit)**

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 41 of the Verified Complaint, as if fully set forth herein.

47. Plaintiff reasonably relied upon Defendant's representations, and provided payment to Defendant under the good faith belief that Defendant would fulfill the Purchase Order and provide the agreed to products to Plaintiff.

48. Defendant accepted the payments provided by Plaintiff pursuant to the Purchase Order.

49. Defendant failed to provide Plaintiff with the products agreed to in the Purchase Order.

50. Plaintiff expected to receive the products agreed to in the Purchase Order in exchange for making payment to Defendant.

51. Plaintiff is equitably entitled to return of any amounts paid to Defendant for which products were not rendered by Defendant to Plaintiff and/or received by Plaintiff.

52. Plaintiff has duly demanded a refund from Defendant for payments made by Plaintiff to Defendant and for which products were not rendered by Defendant to Plaintiff and/or received by Plaintiff.

53. By reason of the forgoing, Plaintiff has been damaged and is entitled to recover from Defendant the principal amount of no less than $104,220.00, plus interest, costs, and disbursements.

**WHEREFORE**, Plaintiff, Green Mountain Electric Supply, Inc., respectfully requests a judgment in favor of Plaintiff and against Defendant, Power Manufacturing, LLC, as follows:

A. On the First Cause of Action for breach of contract, monetary damages, in an amount to be determined at trial.

B. On the Second Cause of Action for unjust enrichment, monetary damages, in an amount to be determined at trial.

C. On the Third Cause of Action for account stated, monetary damages, in an amount to be determined at trial.

  D. On the Fourth Cause of Action for quantum meruit, monetary damages, in an amount to be determined at trial.

  E. Pre-judgment and post-judgment interest on all damages to the extent recoverable under applicable law.

  F. Plaintiff's reasonable attorney's fees, costs, and disbursements, with interest, to the extent recoverable under applicable law; and further

  G. Such other and further relief as the Court deems just and proper.

Dated: August 27, 2024
    Albany, New York

               Respectfully submitted,

               **HARRIS BEACH PLLC**

               */s/ MF*

               Meaghan T. Feenan, Esq.
               Deana J. DiBenedetto, Esq.
               677 Broadway, Suite 1101
               Albany, New York 12207
               Tel: (518) 701-2742
               mfeenan@harrisbeach.com
               ddibenedetto@harrisbeach.com

               *Attorneys for Plaintiff,*
               *Green Mountain Electric Supply, Inc.*

## VERIFICATION

STATE OF Vermont )
) ss.:
COUNTY OF Chittenden )

Josh Laber, as Vice President of Green Mountain Electric Supply, Inc., being duly sworn, deposes and says that deponent has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes them to be true.

_____
Josh Laber, Vice President
Green Mountain Electric Supply, Inc.

Sworn to before me this 27th day of August, 2024.

_____
Notary Public

[Notary Seal: ANNETTE JENSEN-YELK, NOTARY PUBLIC, STATE OF VERMONT]

1/31/2025