UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GREEN MOUNTAIN ELECTRIC
SUPPLY, INC.

                              Plaintiff,        1:24-CV-1060
  v.                                                     (MAD/CFH)

POWER MANUFACTURING, LLC,

                              Defendant.

---

**APPEARANCES:**                                     **OF COUNSEL:**

Harris Beach PLLC                       DEANA J. DIBENDETTO, ESQ.
677 Broadway, Suite 1101            MEAGHAN T. FEENAN, ESQ.
Albany, New York 12207
Attorneys for plaintiff

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## DECISION AND ORDER

      Green Mountain Electric Supply, Inc. ("plaintiff") requests (1) leave to effectuate service on defendant Power Manufacturing, LLC ("defendant") by e-mail, phone, or fax; (2) an extension of time to complete service of process; and (3) such other and further relief as the Court deems just and proper. See Dkt. Nos. 7, 7-2 at 10. Plaintiff contends that such alternative methods of service are required because plaintiff's previous attempts to serve defendant by normal means has been impracticable. See id.

      For the reasons stated below, plaintiff's motion is granted in part. Plaintiff is granted leave to serve defendant by e-mail and is granted an additional thirty days to effectuate this alternative service. The motion is otherwise denied.

1

## I. Background

Plaintiff filed this action against defendant on August 28, 2024, asserting claims under New York state law for breach of contract, unjust enrichment, account stated, and quantum meruit. See Dkt. No. 1 (Compl.). Defendant is a limited liability company incorporated in Florida with its principal place of business at 10111 Houston Oaks Drive, Houston, Texas 77064. See Compl. at ¶ 3; see also Dkt. No. 7-2 (Feenan decl.) at ¶¶ 4-7 (citing to filings with the Florida Secretary of State, Dkt. No. 7-3, and Texas Office of the Comptroller, Dkt. Nos. 7-4 and 7-5, listing the Houston Oaks location as defendant's address). According to defendant's registration with the Florida Secretary of State, the LLC has one authorized person as a manager-member, Randolph H. Smith, whose address is listed as the Houston Oaks location. See Dkt. No. 7-3 at 2-3.

On September 12, 2024, plaintiff's process server attempted to serve defendant at the Houston Oaks address but noted the building was vacant. See Dkt. No. 7-8. The process server called defendant's phone number, retrieved from defendant's website, and spoke with a person who indicated that defendant had moved from the Houston Oaks location, but that the process server could call again on September 16 to arrange a meeting. See id. The process server called the same phone number on September 16 and 17, but he received no answer, and no one arrived at the Houston Oaks location to receive the summons. See id. The process server also attempted to serve defendant at 6747 Signat Drive, Houston, Texas 77041, based on plaintiff's discovery of this address on defendant's website. See Feenan decl. at ¶ 16-18. However, the process server noted another business occupied the Signant Drive location, and that defendant was unknown to the business. See Dkt. No. 7-8. The process server also

2

attempted to personally serve Randolph Smith at two addresses uncovered during plaintiff's electronic search; however, the process server determined that Smith did not reside at either location. See Feenan decl. at ¶¶ 20-28; Dkt. Nos. 7-9 and 7-10.

Plaintiff then attempted to serve defendant under New York Limited Liability Company Law § 304(b)(2) by electronically submitting a copy of the service documents and statutory fee to the New York Department of State in early October 2024. See Feenan decl. at ¶¶ 29-31. Plaintiff also mailed the LLC service package to the Houston Oaks location, but it was returned to plaintiff because the U.S. Postal Service deemed location as "vacant." See id. at ¶¶ 32-36; see also Dkt. Nos. 7-13 to 7-16.

The Court granted plaintiff additional time to serve defendant. See Dkt. Nos. 5, 6. On October 31, 2024, plaintiff again mailed the service package to defendant at the Houston Oaks location, the Signat location, and a post office box in Spring, Texas that plaintiff discovered on defendant's website. See Feenan decl. at ¶¶ 37-39; see also Dkt. No. 7-17. These additional attempts to serve defendant were unsuccessful.[1] See Feenan decl. at ¶¶ 40-44; Dkt. Nos. 7-18 to 7-22; see also Dkt. No. 8 at ¶¶ 5-10 (apprising the Court that: (1) the service package mailed to the Spring post office box was scheduled to be returned to sender for defendant's failure to retrieve the package by the post office's deadline; (2) the service package mailed to the Signat location was returned to sender; and (3) the second mailing to the Houston Oaks location had not been delivered or returned to sender); Dkt. Nos. 8-1 to 8-4.

---

[1] The Feenan declaration contains a factual error, in that it mixes up descriptions of the Signat and Houston Oaks mailings. See Feenan decl. at ¶¶ 41-43 (citing Dkt. Nos. 7-19, 7-20, and 7-22). This scrivener's error is harmless, however, as the exhibits clearly demonstrate the post office tracking information for the Houston Oaks and Signat mailings, and plaintiff corrects this error in the updated declaration filed December 2, 2024. See Dkt. No. 8 at ¶ 8 (noting Dkt Nos. 7-19 and 7-20 refer to the Signat mailings, while Dkt No. 7-22 corresponds to the Houston Oaks mailing).

## II. Discussion

### 1. Legal Standards

Under Federal Rule of Civil Procedure 4, service on a limited liability company located in a judicial district of the United States may be had "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]"  FED. R. CIV. P. 4(h)(1)(b).

Service on an LLC may also be had by following the law of the state where the district court is located or where service is made.  See FED. R. CIV. P. 4(h)(1)(a) and 4(e)(1).  Under New York law, service on an LLC may be had by delivering a copy of the complaint and summons to any member or manager (depending on the organization's structure) in New York, "any other agent authorized by appointment to receive process," or "any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant."  N.Y. C.P.L.R. § 311-a(a).

If service is "impracticable" under §311-a(a), the statute allows for service "in such manner as the court, upon motion without notice, directs."  N.Y. C.P.L.R. § 311-a(b).  The meaning of "impracticable" depends on the facts and circumstances of a particular case, but generally requires that the plaintiff "make some showing that the other prescribed methods of service could not be made."  D.R.I., Inc. v. Dennis, No. 03-cv-10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004) (citing Rampersad v. Deutsche Bank Securities, Inc., No. 02-cv-7311 (LTS/AJP), 2003 WL 21073951, at *1

4

(S.D.N.Y. May 9, 2003), SEC v. Nnebe, No. 01-cv-5247 (KMW/KNF), 2003 WL 402377, at *3-4 (S.D.N.Y. Feb. 21, 2003)).  When usual methods of service prove impracticable, service that is "reasonably calculated, under all the circumstances, to apprise [the] interested part[y] of the pendency of the action" will suffice.  Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314 (1950); F.T.C. v. PCCare247 Inc., No. 12-cv-07189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (noting that the court must ensure that any alternate method complies with "constitutional due process" by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections") (citation omitted).  "[S]ervice by e-mail alone comports with due process where a plaintiff demonstrates that the e-mail is likely to reach the defendant." Vega v. Hastens Beds, Inc., 339 F.R.D. 210, 217 (S.D.N.Y. 2021) (citing Cunningham v. Gen. Motors LLC, No. 20-cv-3097 (AKH), 2020 WL 4748157, at *1 (S.D.N.Y. Aug. 17, 2020)).

**2. Analysis**

Here, plaintiff has demonstrated that its attempts to serve defendant under Fed. R. Civ. P. 4(h)(1) and N.Y. C.P.L.R. § 311-a(a) have been impracticable.  Defendant is an out-of-state LLC with a principal place of business, as listed on defendant's filings in Texas and Florida, at the Houston Oaks address in Houston, Texas.  See Feenan decl. at ¶¶ 4-7 (citing Dkt. Nos. 7-4 and 7-5); see also Compl. at ¶¶ 3-4.  Plaintiff's process server made three unsuccessful attempts to serve defendant at the Houston Oakes location, at first during normal business hours, and then at the direction of a person who answered the phone number listed online.  See Dkt. No. 7-8.  Plaintiff's process server also attempted to deliver the summons and complaint to other addresses for the LLC

5

and its sole manager-member, Randolph H. Smith, in September and October 2024, to no avail.  See Dkt. Nos. 7-8, 7-9, and 7-10 (demonstrating that the process server attempted personal service at defendant's prior business locations on Signat Drive, as well as at two potential residences for Smith); see also Feenan decl. at ¶¶ 16-28.  It does not appear that plaintiff can serve the LLC by a registered agent, as the Florida Secretary of State's filings indicate that defendant's agent resigned on March 28, 2024.  See Dkt. No. 7-3 at 2.  Finally, plaintiff has attempted to notify defendant of this case by serving the New York Secretary of State pursuant to NY Limit. Liab. Co. § 304.  See Dkt. No. 7-17.  However, the notices that plaintiff sent to defendant at three separate physical addresses have either been returned as undeliverable or have not been delivered to defendant.  See Dkt. No. 8 at ¶¶ 5-10.  As courts in this Circuit have noted, "unsuccessful attempts to serve a defendant are strong evidence of impracticability." Burkhart v. Logan Beck Farm, LLC, No. 1:23-cv-1426 (LEK/ML), 2024 WL 4493345, at *4 (N.D.N.Y. Oct. 15, 2024) (quoting In re Qiwi PLC Securities Litigation, No. 20-cv-6054 (RPK/CLP), 2022 WL 20527316, at *4 (E.D.N.Y. Sept. 30, 2022)).

      Plaintiff requests that the Court "exercise its discretion to permit service of process by alternative means, including by e-mail, phone number, and fax number."  Feenan decl. at ¶ 72.  Plaintiff's vice president, Josh Laber, states that he has previously communicated with defendant through Randolph Smith at the cited e-mail address and phone number as recently as October 2024.  See Dkt. No. 7-1 at ¶¶ 4-12.  The Court finds that plaintiff has not shown that service by fax is likely to reach defendant, as Laber does not indicate a history of communicating with defendant at the fax number provided.  See Dkt. No. 7-1.  Further, while plaintiff indicates that Laber

6

called Smith on the phone in October, he indicated that Smith quickly hung up, see id., and plaintiff provides no case law supporting alternative service by telephone. Thus, these requests are denied.

However, Laber's affidavit demonstrates that e-mail service is likely to reach defendant, given that Laber and Smith corresponded by e-mail just two months ago. See Dkt. No. 7-1. Thus, the Court grants plaintiff leave to serve the summons and complaint on defendant at the e-mail address stated in the Laber declaration. See United States v. Risk, No. 24-cv-2496 (DG/JMW), 2024 WL 2977572, at *3 (E.D.N.Y. Jun. 13, 2024) (noting that alternative e-mail service of process was reasonable given the defendant's apparent refusal to accept service and the plaintiff's inability to serve the defendant under the Federal and New York civil rules) (citing, inter alia, Safadjou v. Mohammadi, 964 N.Y.S.2d 801, 804 (App. Div. 4th Dep't 2013) (noting that both federal and state courts have allowed e-mail service of process when traditional methods are ineffective), Phillips v. City of New York, No. 21-cv-8149 (ALC/SLC), 2024 U.S. Dist. LEXIS 35251, at *3 (S.D.N.Y. Feb. 28, 2024) (stating that service by e-mail "comports with due process where a plaintiff demonstrates that the e-mail is likely to reach the defendant" and that "the movant must supply the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given e-mail address")); JPMorgan Chase Bank, N.A. v. Nowak, No. 23-cv-6834 (JPO), 2024 WL 1329410, at * 7 (S.D.N.Y. Mar. 28, 2024) (declining to "deem" the defendants as served due to a lack of specific showing on the plaintiff's part that it had complied with other methods of service, but approving e-mail service where it appeared the defendant was misrepresenting his proper address and where the parties had

7

communicated by e-mail); Sirius XM Radio Inc. v. Aura Multimedia Corp., 339 F.R.D. 592, 594 (S.D.N.Y. 2021) (approving alternative service by e-mail where previous attempts at personal service were unsuccessful and where affidavit demonstrated the defendant's e-mail was likely to notify defendant of the action).[2]

### III. Conclusion

Wherefore, having carefully considered the record herein and the arguments before the Court, it is hereby:

**ORDERED**, that plaintiff's motion for alternative service, Dkt. No. 7, insofar as it seeks leave to serve process on defendant by e-mail, is GRANTED, and plaintiff shall serve the summons and complaint within thirty (30) days of this order as set forth herein, and the request is otherwise DENIED.

**IT IS SO ORDERED.**

Dated: December 9, 2024
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[2] In plaintiff's supplemental affidavit filed December 2, 2024, it also summarily requested that the Court "deem" its actions to have satisfied its duty to serve defendant. See Dkt. No. 8 at 3. In asking for this additional relief, plaintiff appears to be requesting that the Court approve plaintiff's service efforts pursuant to article three of New York limited liability company law. See N.Y. C.P.L.R. § 311-a(a) ("Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law."); NY Limit. Liab. Co. § 304 (prescribing procedures for service of process on foreign limited liability companies not authorized to do business in the state). Plaintiff's affidavits contain facts that correspond with its efforts to serve defendant pursuant to the procedures of § 304. See Feenan decl. at ¶¶ 37-44; Dkt. No. 8 at ¶¶ 5-10. However, the Court will not construct plaintiff's argument for it, particularly in light of the fact that New York courts have required "strict compliance" with the procedures of § 304 in order to find service under the limited liability company law to be valid. See, e.g., Elzofri v. Am. Express Co., 907 N.Y.S.2d 644, 646 (Sup. Ct. 2010). Given that plaintiff appears able to serve defendant by e-mail, the undersigned finds it prudent to require that plaintiff undertake this effort. See Mullane, 339 U.S. at 314. Should this alternative effort meet the same end as plaintiff's previous attempts to serve defendant, plaintiff may seek permission to submit its fully-briefed arguments regarding service of process via the proper procedural mechanism. See, e.g., Eco-Fuels LLC v. Sarker, No. 22-cv-250 (KAM/JAM), 2024 WL 779038, at *5 (E.D.N.Y. Feb. 26, 2024) (discussing service of process on an out-of-state corporation pursuant to § 304(a) as part of the plaintiff's motion for default judgment under Federal Rule of Civil Procedure 55); see also FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").