UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREEN MOUNTAIN ELECTRIC SUPPLY
INC.,

         **Plaintiff,**

 vs.               1:24-CV-01060
                     (MAD/PJE)

POWER MANUFACTURING, LLC,

         **Defendant.**
_____

**APPEARANCES:**            **OF COUNSEL:**

**HARRIS BEACH MURTHA CULLINA**  **DEANA J. DIBENEDETTO, ESQ.**
**PLLC**                **MEAGHAN FEENAN, ESQ.**
677 Broadway - Suite 1101
Albany, New York 12207
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  On August 28, 2024, Plaintiff Green Mountain Electric Supply, Inc. commenced this action against Defendant Power Manufacturing, LLC, bringing claims breach of contract, unjust enrichment, account stated, and quantum meruit. *See* Dkt. No. 1. On January 22, 2025, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default. *See* Dkt. No. 13. The Clerk of the Court entered the requested default against Defendant on January 24, 2025. *See* Dkt. No. 14. On January 30, 2025, Plaintiff filed a motion for default judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 55.2(b). *See* Dkt. No. 15. Defendant has not appeared in this action and the pending motion for default judgment is

1

unopposed. For the reasons set forth below, Plaintiff's motion is granted as to liability and denied without prejudice as to damages, prejudgment interest, and costs.

## II. BACKGROUND

Plaintiff provides, among other things, "innovative and renewable energy solutions and serves as an electrical products wholesaler." Dkt. No. 1 at ¶ 7. Defendant "manufactures and sells transmission and distribution products." *Id.* at ¶ 8. On October 27, 2022, the parties entered into an agreement, pursuant to Invoice No. 25307-1 (hereinafter, the "Purchase Order"), wherein Plaintiff agreed to purchase items for the cost of $135,250 from Defendant. *See id.* at ¶ 9. Specifically, Plaintiff purchased two items pursuant to the Purchase Order: (1) MSTU-55D (hereinafter, "Item 1"); and (2) MTSU-10 (hereinafter, "Item 2"). *Id.* at ¶ 10.

In approximately the first week of November 2022, Plaintiff delivered a check in the amount of $81,550 to Defendant, as a sixty-percent downpayment toward Item 1 ($38,455) and a sixty-percent downpayment toward Item 2 ($43,095). *See id.* at ¶¶ 11-12. Plaintiff thereafter delivered payment in the amount of $22,670, rendering full payment for Item 1, in the total amount of $61,125. *See id.* at ¶¶ 14-15. After Defendant delivered Item 1, Plainitff discovered that Item 1 was not operational because it "was missing the accompanying 1704TU-IK cable measuring device and LCI-80X wire counter." *Id.* at ¶ 16. Item 2 was never delivered and Defendant failed to provide Plaintiff with an update regarding Item 2's expected arrival. *See id.* at ¶ 17.

On July 16, 2024, Plaintiff, through its counsel, sent a letter to Defendant demanding either: "(a) immediate delivery of (i) the remaining component parts for [Item 1] and (ii) [Item 2], including all component parts; or (b) alternatively, immediate reimbursement in full of the $104,220.00 previously paid by [Plaintiff] to [Defendant] and cancellation of the Purchase

Order." *Id.* at ¶ 19.  On August 12, 2024, Plaintiff, through its counsel, made the same demand. *See id.* at ¶ 21.  Despite these efforts by Plaintiff, Defendant has failed to deliver items due and owing or to reimburse Plaintiff the amounts paid for these items.  *See id.* at ¶¶ 23-25.  Accordingly, $104,220 remains due and owing from Defendant to Plaintiff.  *See id.* at ¶ 26.

## III. DISCUSSION

A.  **Jurisdiction**

   *1. Subject Matter Jurisdiction*

   Before reaching the merits of Plaintiff's claims, the Court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).  "Prior to entering a default judgment, the Court must ascertain that subject matter jurisdiction exists over [the] plaintiff's claims." *Centra Dev. Ltd. v. Jewish Press Inc.*, No. 16-CV-6737, 2018 WL 1788148, *5 (E.D.N.Y. Feb. 20, 2018) (citing *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001)).

   The complaint alleges that "Defendant was and is a limited liability company ["LLC"] organized and existing under the laws of the State of Florida, with its principal place of business at 10111 Houston Oaks Drive, Houston, Texas 77064-3515." Dkt. No. 1 at ¶ 3.  Such allegations fail to allege the citizenship of the member or members of Defendant, an LLC.  *See* Dkt. No. 18 at 3 ("'A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of [an LLC] and the place of incorporation and principal place of business of any corporate entities who are members of the [LLC]'") (quoting *New Millennium Cap. Partners, III, LLC v. Juniper Grp. Inc.*, No. 10-CV-00046, 2010 WL 1257325, *1 (S.D.N.Y.

3

Mar. 26, 2010)).  Thus, on July 8, 2025, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  *See id.* at 4.

On July 23, 2025, Plaintiff filed a declaration which states that Defendant is an LLC organized and existing under the laws of Texas, with its principal place of business in Florida, and that its single member is a citizen of Texas.  *See* Dkt. No. 19 at ¶ 37.  As alleged in the complaint, Plaintiff is a foreign business corporation licensed to do business in the State of New York with an office in Clifton Park, New York, and organized and existing under the laws of the State of Vermont, with its principal place of business at 356 Rathe Road, Colchester, Vermont, 05446.  *See* Dkt. No. 1 at ¶ 2.  Accordingly, the Court is now satisfied that Plaintiff has met its burden of demonstrating complete diversity between the parties, and finds that the Court has subject matter jurisdiction.

Plaintiff now seeks an order (1) granting Plaintiff a default judgment on its action for money damages against Defendant, in the amount of $104,220.00, plus prejudgment interest at a rate of nine-percent per annum accruing from December 27, 2023 through the date of judgment; and (2) an award of costs and disbursements of this action in favor of Plaintiff and against Defendant in the amount of $1,106.45.  *See* Dkt. No. 15 at 1.

### 2. Personal Jurisdiction

The Court may not enter a default judgment unless it has both subject-matter jurisdiction over the action and personal jurisdiction over each defendant.  *See Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity").  Pursuant to New York's long-arm statute, contained in New York Civil Practice Law and Rules § 302(a), courts may exercise personal jurisdiction over a non-domiciliary "who in person or through an agent . . . transacts any

business within [New York] or contracts anywhere to supply goods or services in the state," but only where the cause of action arises from the enumerated acts. N.Y. C.P.L.R. § 302(a); *see Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007). "The requisite minimum contacts must provide a fair warning to the defendant of a possibility of being subject to courts of the forum state." *McNamee v. Clemens*, 762 F. Supp. 2d 584, 594 (E.D.N.Y. 2011) (citing *Spencer Trask Ventures, Inc. v. Archos S.A.*, No. 01-CV-1169, 2002 WL 417192, *3 (S.D.N.Y. Mar.18, 2002)).

Here, Defendant was a party to a contract to supply goods in New York to Plaintiff, a foreign business corporation licensed to do business in New York. *See* Dkt. No. 1 at ¶¶ 2, 9. The cause of action for the instant case is breach of the same contract, and, as such, the Court finds that Defendant transacted business within New York and is subject to the Court's personal jurisdiction. *See McNamee*, 762 F. Supp. 2d at 594 (describing the factors considered to determine whether a non-domiciliary has transacted business in New York).

**B.    Standard for Default Judgment**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 10-CV-1272, 2012 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." *Id.* (quotation and internal quotation marks omitted); *see* Fed. R. Civ. P. 55(a). Local Rule 55.1 requires the party requesting an entry of default to submit an affidavit showing that the party against whom judgment is sought is "not an infant, in the military, or an incompetent person," that

5

the party has "failed to plead or otherwise defend the action," and that the party has been "properly served the pleading" without responding. N.D.N.Y. L.R. 55.1.

"'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Simmons*, 2012 WL 685498, at *2 (quotation omitted). Local Rule 55.2(b) requires the moving party to (1) accompany a default judgment motion with the clerk's certificate of default, the complaint, and a proposed form of default judgment; and (2) submit an affidavit attesting that the defendant is neither an infant nor incompetent, is not serving with the armed forces of the United States, and has defaulted in appearance in this action, that service was properly effected under Rule 4 of the Federal Rules of Civil Procedure, and the amount shown is justly due and owing. *See* N.D.N.Y. L.R. 55.2(b).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). However, because conclusions of law are not admitted by the defaulting party, "a district court 'need not agree that the alleged facts constitute a valid cause of action.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quotation omitted). Thus, "[o]nly after the district court is convinced that the facts meet the elements of the relevant cause of action—whether those facts are established by well-pleaded allegations or proven by admissible evidence—may the district court enter a default judgment." *Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024).

"A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Pac. M. Int'l Corp. v. Raman Int'l*

*Gems, Ltd.*, 888 F. Supp. 2d 385, 392 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 55(b)(2)(B)-(C)). "[A] court may rely upon affidavits and documentary evidence" to evaluate the sum of damages in a default judgment. *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008); *see also Action S.A. v. Marc Rich & Co.*, 951 F. 2d 504, 508 (2d Cir. 1991) (upholding an award of damages in a default judgment without a hearing as the district judge was "inundated with affidavits, evidence, and oral presentations by opposing counsel").

**C.     Procedural Prerequisites**

Plaintiff has satisfied the procedural prerequisites for obtaining a default judgment. Plaintiff submitted an application to the Clerk of the Court, in compliance with the Federal and Local Rules, establishing that Defendant is not an infant, in the military, or an incompetent person; Defendant has failed to plead or otherwise defend the action; and Plaintiff has properly served the pleadings to which Defendant has not responded. *See* Dkt. Nos. 12, 13. Default was entered by the Clerk of the Court on January 24, 2025. *See* Dkt. No. 14.

Further, Plaintiff has complied with Rule 55(b). In support of its motion for default judgment, Plaintiff has submitted the Clerk's certificate of entry of default, a proposed form default judgment, a copy of Plaintiff's complaint, an affidavit of service of the complaint, and an affidavit in support of its motion. *See* Dkt. No. 15. Having found that Plaintiff has complied with the procedural requirements, the Court turns to the substance of Plaintiff's motion.

**D.     Choice of Law**

The Court must determine what law should apply to Plaintiff's claims. *See D'Amato v. Five Star Reporting, Inc.*, 80 F. Supp. 3d 395, 407 (E.D.N.Y. 2015) ("As an initial matter, the Court must determine what law should be applied to the [p]laintiff's common law breach of contract and equitable claims for unjust enrichment and quantum meruit"). A federal court sitting

7

in diversity applies the choice-of-law rules of the state in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *see also Maryland Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 151 (2d Cir. 2003) ("A federal court sitting in diversity applies the choice-of-law rules of the forum state") (citation omitted). In a contract dispute, New York courts will generally honor a choice-of-law provision in an agreement. *See Royal Dispatch Servs., Inc. v. UBS Fin. Servs., Inc.*, No. 12-CV-2032, 2012 WL 3113291, *2 n.4 (E.D.N.Y. July 31, 2012) ("New York law generally honors contractual choice-of-law provisions") (citing *Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996)). Here, however, the Purchase Order submitted does not contain a choice-of-law clause. *See* Dkt. No. 1-1. As such, the Court turns to other New York choice-of-law principles in evaluating which state's law applies.

The relevant jurisdictions implicated are New York, where Plaintiff does business and the products were to be delivered, Vermont, where Plaintiff's principal place of business is located, Texas where Defendant LLC is organized, and Florida, where Defendant LLC maintains its principal place of business. *See* Dkt. No. 1 at ¶¶ 2-3. Plaintiff makes no argument as to which state's law should apply, and but cites, in its declaration in support of the pending motion, New York federal cases. *See* Dkt. No. 15-1 at ¶¶ 24-25.

Where, as here, the parties do not raise choice-of-law as an issue, "it can be said that they have consented to the application of the forum state's law." *Mangual v. Pleas*, No. 02-CV-8311, 2005 WL 2179083, *2 n.1 (S.D.N.Y. Sept. 8, 2005) (citing *Clarkson Co. Ltd. v. Shaheen*, 660 F.2d 506, 512 n.4 (2d Cir. 1981)); *see also Jin Young Chung v. Yoko Sano*, No. 10-CV-2301, 2011 WL 1303292, *7 (E.D.N.Y. Feb. 25, 2011) (finding New York law applies where plaintiff "has not taken any position as to what law . . . should apply" and the defendant defaulted), *report and recommendation adopted sub nom. Jin Yung Chung v. Sano*, 2011 WL 1298891 (E.D.N.Y.

Mar. 31, 2011). Similarly, where the parties assume one state's law applies, "implied consent . . . is sufficient to establish choice of law." *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (citation omitted); *see also Henneberry v. Sumitomo Corp. of Am.*, No. 04-CV-2128, 2005 WL 991772, *5 n.3 (S.D.N.Y. Apr. 27, 2005) ("Where the parties so assume, the Court need not address choice of law *sua sponte*") (citation omitted). Here, as Plaintiff makes no choice-of-law argument but cites to New York cases in its submissions, and as Defendant has proffered no argument to the contrary by virtue of its default, the Court applies New York law to this action.[1]

**E.     Liability**

*1. Breach of Contract*

"To state a claim for breach of contract under New York law, 'the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)); *see 34-06 73, LLC v. Seneca Ins. Co.*, 39 N.Y.3d 44, 52 (2022) (discussing the elements of a breach of contract claim).

Here, Plaintiff has pled sufficient facts to allege the existence of a valid contract between Plaintiff and Defendant, that Plaintiff performed its obligations, and sufficient facts to support a finding that Defendant breached the Purchase Order by failing to deliver Item 2, or a refund

---

[1] The Court reserves its ability to re-evaluate the applicable state law upon Plaintiff's renewed application for damages. The law applicable to this action may subsequently change in the event the Court is furnished with information that the Purchase Order contains a choice-of-law clause that requires the application of another state's law. If this occurs, the Court may need to supplement the analysis contained herein to account for application of a different state's substantive law.

therefor, and by delivering Item 1 incomplete or in a non-conforming manner. *See* Dkt. No. 1 at ¶¶ 7-26. Accordingly, the Court finds these allegations are sufficient at the default judgment stage to establish Defendant's liability for breach of contract under New York law. *See NYQF Inc. v. Sigue Corp.*, No. 24-CV-3699, 2025 WL 1303864, *9 (E.D.N.Y. May 6, 2025) (finding allegations sufficient to establish breach of contract at default judgment stage, even in absence of submission of the contract at issue).

### 2. Other Claims

As for Plaintiff's other claims, the Court finds such claims, which arise from the same facts and seek the same damages, are duplicative of Plaintiff's breach of contract claim. *See NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) ("[C]laims are duplicative of one another if they 'arise from the same facts . . . and do not allege distinct damages'") (quotation and other citation omitted). As the Court has found that Plaintiff sufficiently pled the existence of a valid contract, the Court denies Plaintiff's motion for default judgment on its claims for unjust enrichment, account stated, and quantum meruit. *See Skyline Restoration, Inc. v. Great Am. Restoration Servs. Inc.*, No. 18-CV-5634, 2019 WL 5150207, *4 (E.D.N.Y. Aug. 5, 2019) (recommending denying default judgment for quantum meruit and unjust enrichment claims that were duplicative of the breach of contract claim), *report and recommendation adopted*, 2019 WL 5258394, (E.D.N.Y. Sept. 20, 2019); *Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15-CV-501, 2016 WL 1255726, *4 (E.D.N.Y. Mar. 28, 2016) (granting default judgment for breach of contract, but denying default judgment as to alternative claims for unjust enrichment and account stated because such claims were duplicative of breach of contract).

F.      **Damages, Prejudgment Interest, and Costs**

Having found that the complaint establishes Defendant's liability as to the breach of contract cause of action, the Court will now address whether Plaintiff's motion is sufficient to award damages without a hearing or additional submissions.

Although the allegations in a complaint pertaining to liability are deemed admitted upon entry of default, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. "Rather, '[t]he [c]ourt must be satisfied that [the p]laintiff has met the burden of proving damages to the Court with reasonable certainty.'" *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475, 2020 WL 4738242, *3 (E.D.N.Y. Aug. 14, 2020) (quoting *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505, 2016 WL 6905946, *2 (E.D.N.Y. Nov. 23, 2016)).

A court may make this determination based upon evidence presented at a hearing, but a hearing is not always required. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A.*, 951 F.2d at 508; *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). No hearing is necessary, for example, where, based "'upon a review of detailed affidavits and documentary evidence,'" the court is assured that there is an adequate basis for the damages sought. *Cont'l Cas. Co.*, 2016 WL 1255726 at *6 (quoting *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)); *see McLean v. Wayside Outreach Dev. Inc.*, 624 Fed. Appx. 44, 45 (2d Cir. 2015) (observing that the district court did not abuse its discretion by failing to hold a hearing to determine damages where the court relied on "a single affidavit only partially based upon real numbers") (quotation and internal quotation marks omitted).

Under New York law, "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms."

11

*Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) (citing *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 384 (2d Cir. 2006)). "A plaintiff may submit documentary evidence or detailed affidavits to support its damages claim." *Prime Contractors Inc. v. APS Contractors Inc.*, No. 22-CV-1581, 2025 WL 1621692, *14 (E.D.N.Y. June 9, 2025) (citation omitted).

Here, the Court finds that Plaintiff has failed to provide the necessary evidence to support an award for damages at this time. Plaintiff seeks $104,220 for breach of contract. *See* Dkt. No. 1 at ¶¶ 26-31. Plaintiff alleges that it delivered two checks to Defendants: (1) for $81,550, as a sixty-percent downpayment on Item 1 and Item 2, in the amounts of $38,455 and $43,095, respectively; and (2) for $22,670 for the remaining balance of Item 1. *See* Dkt. No. 1 at ¶¶ 11-15. Thus, Plaintiff allegedly paid Defendant $104,220 via the two checks (the amount Plaintiff claims it is entitled to for breach of contract). *Id.* at ¶ 26.

The only evidence submitted by Plaintiff, however, is a single invoice, dated December 21, 2023 (the Purchase Order), which was also attached to the complaint. *See* Dkt. No. 1-1; Dkt. No. 15-2. The Purchase Order reflects that Plaintiff purchased MSTU-5SD and MSTU-10 (Item 1 and Item 2) and that Plaintiff made an initial deposit of $81,550, a sixty-percent advance deposit, on a total order of $135,250. Dkt. No. 1-1 at 2-3, 5. The final line of the Purchase Order states, "Total Due This Invoice $22,670." *Id.* at 5. This documentary evidence may be sufficient to support the allegation that Plaintiff made a sixty-percent downpayment, but fails to establish that Plaintiff actually made the second payment of $22,670 towards Item 1.

The breach of contract in this action relates to Defendant's failure to deliver machines, which would purportedly be used in the transmission and/or distribution of Plaintiff's products. *See* Dkt. No. 1 at ¶¶ 7-10. These machines, Item 1 and Item 2, are ostensibly goods governed by

12

the Uniform Commercial Code. *See* N.Y. U.C.C. Law ("UCC") § 2-105 ("'[g]oods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale"); *see also id.* § 2-106 ("'Contract for sale' includes both a present sale of goods and a contract to sell goods at a future time"). Under UCC § 2-711(1), Plaintiff, upon the submission of sufficient documentary evidence, may be able to recover the amount it paid toward Item 2, which was never delivered. *See Ethereum Ventures LLC v. Chet Mining Co. LLC*, No. 19-CV-7949, 2021 WL 9036270, *4 (S.D.N.Y. Oct. 20, 2021) ("When a buyer contracts to purchase goods and the seller fails to deliver, UCC § 2-711(1) allows the frustrated buyer to recover, among other things, 'so much of the price as has been paid'") (quoting *Kashi v. Gratsos*, 790 F.2d 1050, 1056 (2d Cir. 1986)), *report and recommendation adopted*, 2022 WL 2531588 (S.D.N.Y. Jan. 28, 2022).

Additionally, there is no documentary evidence that clearly supports Plaintiff's damages that allegedly arise from the defective nature of Item 1. Unlike damages for undelivered goods, the damages arising out of the delivery of non-conforming goods are not necessarily the price paid. Plaintiff alleges that, when Item 1 was delivered, "it was missing the accompanying 1704TU-IK cable measuring device and LCI-80X wire counter, and is thus not operational." Dkt. No. 1 at ¶ 16. As far as the Court can tell from the complaint and default judgment papers, Plaintiff accepted Item 1 and did not return it after delivery. *See* Dkt. Nos. 1, 15. Thus, this transaction seems to implicate UCC § 2-714, which allows a buyer that has accepted goods to recover, among other things, "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted" for "any non-conformity of tender, unless special circumstances show proximate damages of a different amount." UCC § 2-714(1)-(2). Perhaps Plaintiff can substantiate damages in the full amount of

13

the price paid for Item 1, but further factual and legal explanation as to the damages suffered and the measure of those damages is necessary. Thus, because Plaintiff has not proven the amount of its damages with reasonable certainty, the motion is denied without prejudice as to damages.

Further, the Court, "is granted 'wide discretion in determining a reasonable date from which to award pre-judgment interest.'" *Eco-Fuels LLC v. Sarker*, No. 22-CV-250, 2024 WL 779038, *9 (E.D.N.Y. Feb. 26, 2024) (quoting *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994)). In its motion for default judgment, Plaintiff proposes that the Court fix the date of December 27, 2023, as the earliest ascertainable date the cause of action existed, for purposes of calculating prejudgment interest. *See* Dkt. No. 15-1 at ¶ 27. Although the complaint contains no reference to December 27, 2023, *see* Dkt. No. 1, the Court observes that this date appears to be the "Ship Date" notated on the Purchase Order, *see* Dkt. No. 15-2 at 12-15. The date Item 1 and Item 2 were shipped may be a reasonable date from which to award pre-judgment interest, but it is Plaintiff's burden to present facts from which the Court can draw this conclusion.

Finally, Plaintiff's request for costs is premature because damages must still be determined, and judgment has not been entered. Accordingly, this request in Plaintiff's motion is denied without prejudice to renewal.[2]

For these reasons, Plaintiff's requests for damages, prejudgment interest, and costs are denied without prejudice. In any renewed application, Plaintiff shall provide the Court with a detailed affidavit or affidavits setting forth the basis of the damages requested, as well as any relevant documentary evidence. Specifically, Plaintiff should submit an affidavit from a person with personal knowledge, along with additional evidence, which more precisely establishes (1)

---

[2] To recover costs, Plaintiff must, within thirty days after judgment is entered, file a bill of costs and any related accounting in compliance with in 28 U.S.C. § 1920, Rule 54 of the Federal Rules of Civil Procedure, and Rule 54.1 of the Local Rules.

14

the payments made by Plaintiff, and, particularly, evidence of the second payment of $22,670 towards Item 1; (2) the damages suffered as a result of the non-conformity of Item 1 and the legal basis for calculating such damages; (3) clearer explanation as to the earliest ascertainable date the cause of action existed, for purposes of calculating prejudgment interest; and (4) any other documentary evidence or sworn statements that would assist the Court in assessing the amount of damages with reasonable certainty.

## IV. CONCLUSION

After carefully considering the entire record in this matter, Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 15) is **GRANTED** as to liability and **DENIED without prejudice** as to damages, prejudgment interest, and costs; and the Court further

**ORDERS** that Plaintiff shall submit a supplemental memorandum, accompanied by an affidavit and evidence substantiating its claimed damages within **THIRTY (30) DAYS** from the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to comply with the terms of the Memorandum-Decision and Order within **THIRTY (30) DAYS**, the Clerk is directed to return this file to the Court which may issue a *sua sponte* order dismissing this action for failure to prosecute, failure to comply with this Court's Order, and/or failure to comply with the Federal and Local Rules; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 5, 2025
       Albany, New York

/s/ Mae A. D'Agostino
Mae A. D'Agostino
U.S. District Judge