**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
——————————————————————————

**GREEN MOUNTAIN ELECTRIC SUPPLY**
**INC.,**

                                        **Plaintiff,**

         **vs.**                                                    **1:24-CV-01060**
                                                                    **(MAD/PJE)**

**POWER MANUFACTURING, LLC,**

                                        **Defendant.**
——————————————————————————

**APPEARANCES:**                              **OF COUNSEL:**

**HARRIS BEACH MURTHA CULLINA**         **MEAGHAN FEENAN, ESQ.**
**PLLC**
677 Broadway - Suite 1101
Albany, New York 12207
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

                                        **ORDER**

        On August 28, 2024, Plaintiff Green Mountain Electric Supply, Inc. commenced this

action against Defendant Power Manufacturing, LLC, bringing claims for breach of contract,

unjust enrichment, account stated, and quantum meruit. *See* Dkt. No. 1. On September 5, 2025,

the Court granted Plaintiff's unopposed motion for default judgment as to liability for breach of

contract and denied the motion as to damages, ordering Plaintiff to supplement its motion as to its

claim for damages. *See* Dkt. No. 20. Currently before the Court is Plaintiff's submissions in

support of its request for damages, which includes a memorandum of law, declarations, and

documentary evidence. *See* Dkt. No. 22.

The Court assumes the parties' familiarity with the underlying allegations, as set forth in the complaint, the motion for default judgment, and the Court's September 5, 2025, Memorandum-Decision and Order.  *See* Dkt. Nos. 1, 15, 20.

Via a declaration submitted by its Vice President of Operations, as well as other documentary evidence, Plaintiff provides a detailed explanation of the calculation of damages, including the payments made pursuant to the Purchase Order and Defendant's failure to refund $104,220 for products never delivered.  *See* Dkt. No. 22-4; Dkt. No. 22-5; Dkt. No. 22-6, Dkt. No. 22-7; Dkt. No. 22-8; Dkt. No. 22-9; Dkt. No. 22-10; Dkt. No. 22-11; Dkt. No. 22-12.  Based upon these submissions, Plaintiff seeks $104,220 plus prejudgment interest from the date of January 9, 2024.  *See* Dkt. No. 22-13 at 2-6.

"Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party."  *Coated Fabrics Co. v. Mirle Corp.*, No. 06-CV-5415, 2008 WL 163598, *4 (E.D.N.Y. Jan. 16, 2008) (citing Fed. R. Civ. P. 55(b)).  "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]"  *Pert 35, Inc. v. Amari Aviation Ltd.*, No. 09-CV-0448, 2010 WL 1257949, *3 (N.D.N.Y. Mar. 5, 2010) (citations omitted).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability."  *Bravado Int'l Grp. Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof

unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90.  "Therefore, even upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).  "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

Under New York law, "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) (citing *Boyce v. Soundview Tech. Group, Inc.*, 464 F.3d 376, 384 (2d Cir. 2006)).  As such, a party "is entitled to the benefit of its bargain." *Id.* (citations omitted).  Damages for breach of contract are measured at the time of the breach.  *See id.*

Here, Plaintiff has submitted a detailed declaration, along with documentary evidence, which establishes the following.  On or about October 26, 2022, the parties entered into the Purchase Order, wherein Plaintiff agreed to purchase (1) MSTU-55D ("Item 1"); and (2) MTSU-10 ("Item 2") (together, the "Items") from Defendant for the cost of $135,250.  *See* Dkt. No. 22-5. On November 5, 2022, Plaintiff wrote a check payable to Defendant in the amount of $81,550, as a partial deposit for the Purchase Order.  *See* Dkt. No. 22-6.  On January 4, 2024, Plaintiff made an additional down payment of $22,670 via wire transfer to Defendant.  *See* Dkt. No. 22-9; Dkt.

No. 22-10.  Plaintiff received Item 1 on January 9, 2024, but it was missing vital components and was, thus, not operational.  *See* Dkt. No. 22-4 at ¶ 10; Dkt. No. 22-11.  Plaintiff received some components for Item 1 in subsequent shipments, but Item 1 remained nonoperational.  *See* Dkt. No. 22-4 at ¶¶ 11-12; Dkt. No. 22-12.  Plaintiff never received Item 2, nor the necessary components to make Item 1 operational.  *See* Dkt. No. 22-4 at ¶ 13.  As such, ultimately, Plaintiff paid Defendant $104,220 but did not receive the Items in accordance with the terms of the Purchase Order.  *See id.* at ¶¶ 14-16.

Accordingly, the Court finds Plaintiff has established, through a detailed affidavit and documentary evidence, that it is entitled to judgment in its favor in the amount of $104,220, without the need for a hearing.  *See Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15-CV-501, 2016 WL 1255726, *6 (E.D.N.Y. Mar. 28, 2016) ("No hearing is required 'as long as [the court] ensure[s] that there was a basis for the damages specified in the default judgment,' and this requirement may be satisfied 'upon a review of detailed affidavits and documentary evidence[.]'") (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)) (internal citations omitted).

The Court also finds that Plaintiff is entitled to prejudgment interest.  "'Under New York law, a prevailing party in a breach of contract case is entitled to prejudgment interest at the statutory rate from the date of breach to the entry of judgment.'"  *AKF, Inc. v. Royal Pets Mkt. & Resort Holdings, LLC*, No. 1:22-CV-346, 2023 WL 2895152, *2 (N.D.N.Y. Apr. 10, 2023) (quoting *Sriraman v. Patel*, 761 F. Supp. 2d 23, 26 (E.D.N.Y. 2001)); *see* N.Y. C.P.L.R. § 5001. As a federal district court sitting in diversity, this Court is bound by this substantive provision of

New York law.  *See Sriraman*, 761 F. Supp. 2d at 26 (citing *FCS Advisors, Inc. v. Fair Fin. Co.*, 605 F.3d 144, 147 (2d Cir. 2010)).

The statutory rate for prejudgment interest in a breach of contract action in New York is nine percent per year.  *See* N.Y. C.P.L.R. § 5004.  As to the date from which interest is computed, N.Y. C.P.L.R. § 5001(b) provides as follows:

> Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred.  Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

Plaintiff has submitted evidence which demonstrates that Defendant breached the Purchase Order on January 9, 2024, by failing to deliver the Items in accordance with the Purchase Order.  *See* Dkt. No. 22-13 at 5; Dkt. No. 22-4 at ¶ 10.  Thus, Plaintiff has established that January 9, 2024, is the earliest ascertainable date that its cause of action for breach of contract accrued for breach of the Purchase Order.

Accordingly, the Court grants Plaintiff's renewed request for default judgment in the amount of $104,220, along with prejudgment interest calculated at nine percent per annum beginning at the earliest ascertainable date of breach of January 9, 2024, through the date of judgment.

After carefully considering the entire record in this matter, Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's renewed request for default judgment (Dkt. No. 22) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor in the amount of $104,220 in addition to prejudgment interest at the rate of nine percent per annum from January 9, 2024, until the date of this order; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 17, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

6